IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROHWEDDER,<br><br>              Plaintiff,<br>v.<br><br>ROCKY MOUNTAIN PIES et al.,<br><br>              Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:20-cv-00034-DAK-CMR<br><br>District Judge Dale A. Kimball<br>Magistrate Judge Cecilia M. Romero |

Before the court is Defendant Rocky Mountain Pies' Motion to Dismiss (ECF 9) referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(B) (ECF 4). Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the Motion to Dismiss on the basis of the written memoranda. *See* DUCivR 7-1(f). Having carefully considered the relevant filings, the undersigned RECOMMENDS that the court GRANT IN PART AND DENY IN PART the Motion to Dismiss and provide Plaintiff thirty days to file an amended complaint.

### I.  BACKGROUND

Plaintiff filed his Complaint[1] against Defendants Rocky Mountain Pies and Talent Team Staffing (Talent Team) (ECF 3). In response, Defendant Rocky Mountain Pies (hereinafter Defendant or Rocky Mountain) filed its Motion to Dismiss (Motion) seeking dismissal of the

---

[1] Plaintiff's Complaint also requests appointment of counsel in the prayer for relief (ECF 3 at11). While Plaintiff failed to make a proper motion for appointment of counsel, when deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [her] claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations and citations omitted). In his Complaint, Plaintiff asks for appointed counsel, but states no reason or basis for the request. Accordingly, the court denies the request to appoint counsel for Plaintiff.

Complaint on the grounds that the Complaint does not allege any cognizable basis for the exercise of federal jurisdiction over this case and that Plaintiff lacks standing to assert the third-party legal rights and interests at issue in the Complaint (ECF 9).  Defendant also seeks dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6), arguing the Complaint fails to state a plausible claim upon which relief can be granted (ECF 9).  Plaintiff filed a timely response to the Motion to Dismiss (ECF 10) and Defendant subsequently filed a reply (ECF 11).  Without obtaining leave of court, Plaintiff filed a sur-reply[2] (Sur-Reply) (ECF 12).

## II.   DISCUSSION

Defendant's Motion seeks dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction asserting Plaintiff failed to establish diversity jurisdiction under 28 U.S.C. § 1332 or federal-question jurisdiction under 28 U.S.C. § 1331.  Defendant also argues Plaintiff cannot establish third-party standing.  Defendant also seeks dismissal for failure to state a claim for relief.  The court will address each of Defendant's arguments in turn.

Because Plaintiff is proceeding *pro se*, the court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, it is not the court's function to assume the role of advocate on behalf of a pro se litigant.  *See id.*  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir. 1997).  The court will review the pending Motion in light of these standards.

---

[2] Despite Plaintiff's failure to seek leave to file a sur-reply as required by District of Utah Local Civil Rule 7-1(b)(2)(C), the court did consider his Sur-Reply.  Going forward Plaintiff is directed to follow the rules of this court.

### A. Plaintiff's Complaint establishes federal jurisdiction.

District courts have original jurisdiction of all civil actions arising under federal law. 28 U.S.C. §1331. A suit arises under federal law in two ways. *Gunn v. Minton*, 568 U.S. 251, 257 (2013). The first is where federal law creates the cause of action (federal question jurisdiction). *Id.* The second is when the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States (diversity jurisdiction). 28 U.S.C. § 1332(a). Where no subject matter jurisdiction exists, the court must dismiss the complaint. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

A challenge to subject matter jurisdiction may be either facial or factual. *See Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). Where, as here, Defendant makes a facial challenge to subject matter jurisdiction, the court accepts the allegations of the Complaint as true. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). Plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *See Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014).

#### 1. Plaintiff has failed to plead diversity jurisdiction.

Diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff and the amount in controversy is met. *See* 28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). A corporation is deemed a citizen of every state in which it has been incorporated and any state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Plaintiff's Complaint indicates that he is a resident of the State of Utah (ECF 3at 1). Plaintiff's Complaint alleges that Defendant is "of South Salt Lake City, Utah" (ECF 3 at 1).

3

Plaintiff's Complaint fails to assert the citizenship of Talent Team.³  However, even assuming Talent Team was incorporated or had its principal place of business in another state, Rocky Mountain's Utah citizenship is sufficient to negate diversity between Plaintiff and each Defendant.  *See, e.g.*, *United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir.1995) (explaining when a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal).  Furthermore, Plaintiff's prayer for relief seeks monetary relief for lost wages and punitive damages totaling $15,000.00 (ECF 3 at 11).  Therefore, the amount in controversy is less than $75,000.00 and diversity jurisdiction does not exist.

### 2. Plaintiff's Complaint gives rise to federal question jurisdiction.

"Absent diversity of citizenship, federal question jurisdiction is required."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "[A] suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based on federal law."  *Salzer*, 762 F.3d at 1134 (quoting *Turgeau v. Admin. Rev. Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006)).  "'The party seeking the exercise of jurisdiction in his favor 'must allege in his pleading the facts essential to show jurisdiction.'"  *United States ex rel. General Rock & Sand Corp.*, 55 F. 3d at 1495 (internal citation omitted).

The court disagrees with Defendant that the Complaint fails to allege sufficient facts that this case arises under federal law.  While it is true that Plaintiff fails to explicitly state that he is

---

³ Talent Team has not been served and has not appeared in the case.  On March 25, 2020, the court granted Plaintiff's Motion for Service of Process (ECF 6) and ordered service of defendant Rocky Mountain Pies at the address provided by Plaintiff in his Motion for Service of Process (ECF 5).  Plaintiff's Motion for Service of Process did not include an address for service for Talent Team and no service was effectuated upon them.  *See Oltremari ex rel. McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1352 (D. Kan. 1994) (dismissal of *ifp* case for Marshals Service's failure to effect service is improper unless the service defect "result[s] from inadequate or inaccurate information presented by plaintiff or on a lack of diligence on the part of plaintiff").  While Talent Team has not been properly served, the foregoing substantive discussion and analysis applies as to the claims against it.

asserting a claim under Title VII of the Civil Rights Act of 1964, Plaintiff's Complaint contains factual allegations that provide the context that his claim arises under federal law.  In liberally construing Plaintiff's pleadings and allegations as this court is bound to do, Plaintiff alleges that he was employed by Talent Team (*i.e.*, Plaintiff alleges he was "hired by 'Monica' of Talent Team staffing"); was previously employed by Defendant; "[a]fter hire, during employ" he "recognized labor exploitation" that "appeared to be class based" and that "[H]ispanic workers were being taken advantage of"; and that "Talent Team in cooperation with Rocky Mountain Pies has created or did create a 'culture of exploitation' and anyone not conducive to it is discriminated against" (ECF 3).  More specific to Defendant, Plaintiff alleges that Defendant's management is "discriminatory [and] engages in egregious civil [r]ights violation," and "uses pre-text to illegally terminate good employees that could be whistle-blowers," of which Plaintiff was one (ECF 3).  Plaintiff goes on to allege that he was wrongfully terminated after he spoke to Monica (ECF 3).  While it is true the allegations are not a model of clarity, and as discussed below, have defects, the court finds Plaintiff's Complaint has sufficient allegations to form the basis of federal question jurisdiction.

**B. Plaintiff has no third-party standing to assert claims on behalf of his Hispanic coworkers.**

As an independent basis for dismissal under Rule 12(b)(1), Defendant's Motion also argues that Plaintiff lacks standing to assert the legal rights and interests of the third-party Hispanic employees whom Plaintiff alleges Defendant purportedly exploited.

To have standing to bring a claim, "a party generally must assert his own legal rights and interests and cannot rest his claim for relief on the legal rights or interests of third parties." *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (internal quotations and citation omitted); *see also, e.g., Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1566 (10th Cir.1993) ("[O]ne does not have

standing to assert a violation of rights belonging to another, since the person entitled to a right is the only one who can be *directly* injured by its deprivation."). In limited circumstances, a party may be granted standing to assert the rights of another; however, the party seeking this third-party standing "bears the burden of showing that he has a close relationship with the person possessing the right at issue, and there is a hindrance to the possessor's ability to protect [their] own interests." *McDonald v. Doyle*, 175 F. App'x 947, 949 (10th Cir. 2006) (internal quotations and citation omitted).

Here, Plaintiff does not affirmatively allege he is asserting the third-party rights of Hispanic workers, however his Complaint does reference that "[H]ispanic workers were being taken advantage of" and claims the "exploitation appeared to be 'class based'" (ECF 3). Plaintiff's Complaint fails to identify any close relationship with his Hispanic coworkers or what hinderance is prohibiting them from asserting their own claims. Furthermore, Plaintiff "is not a lawyer and he cannot represent other parties in court." *See McConnell v. Bd. of Cnty. Comm'rs*, No. CV 09-522 MCA/ WPL, 2009 WL 10706705, at *2 (D.N.M. Dec. 31, 2009) (unpublished). Consequently, any claims Plaintiff might allege on behalf of his Hispanic coworkers warrant dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of standing. The court therefore recommends granting the Motion as to any third-party claims.

### C. Plaintiff's Complaint fails to state a claim.

Defendant's Motion also seeks dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief. When ruling on a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations contained in the complaint, however legal conclusions drawn from those facts are not afforded such deference. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim.). Additionally, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Id*. at 679.

To state a plausible claim for relief, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. A court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id*. at 664.

To prove a civil rights violation against an employer for discrimination under Title VII, Plaintiff must establish, among other things, that he is a member of a protected class. *See Khalik v. United Air Lines,* 671 F.3d 1188, 1192 (10th Cir. 2012) (explaining prima facie case of discrimination are membership in a protected class, adverse employment action, and disparate treatment). Title VII also makes it unlawful to retaliate against an employee because the employee has opposed any practice made unlawful by Title VII. *Id*. To assert a cause of action for retaliation, an employee must show: (1) engagement in protected opposition to discrimination; (2) the employee suffered an adverse employment action during or after his protected opposition that a reasonable employee would have found materially adverse; and (3) a causal connection exists between the protected activity and the materially adverse action. *Id*. at 1193. While the Plaintiff is not required at this stage to "set forth a prima facie case for each element" of discrimination or retaliation, he is required "to set forth plausible claims." *Id.*

Plaintiff's Complaint alleges that he "recognized labor exploitation" that appear to be class based of "[H]ispanic workers" and that Plaintiff was "terminated through discrimination by pre-text." Nowhere in the Complaint does Plaintiff allege any facts to support he is Hispanic or a member of any other protected class. Plaintiff's Complaint does not contain factual detail regarding what discrimination took place and if it was against Plaintiff and/or others. Similarly, Plaintiff does not allege sufficient facts in the Complaint to support that he was "terminated through discrimination by pre-text." Plaintiff's only allegations regarding his termination are that "[t]he 'termination' was after ... Plaintiff spoke to 'Monica' from Talent Team and a Rocky Mountain Pies manager," and that "Plaintiff went back to his position after the brief meeting in a closed office with the above" (ECF 3). Plaintiff does not allege anything about the substance of any communications made by him at the meeting, or why he contends his termination involved "discrimination by pre-text." Plaintiff's Complaint, as is, contains only threadbare recitals of some of the elements of a cause of action under Title VII and does not state a claim for which relief can be granted.

While Plaintiff has not requested leave to amend, Rule 15 permits the court to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, Plaintiff has the outlines of a claim—employment, termination, and some non-detailed suggestion of alleged wrongful termination. In light of Plaintiff's *pro se* status and the nature of his factual allegations, the court recommends Plaintiff be given leave to amend his complaint to remedy these defects. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) ("[If] it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should [afford] leave to amend."). On that basis, the undersigned

recommends denying Defendant's Motion to Dismiss and providing Plaintiff an opportunity to file an amended complaint to be served on all Defendants.

## RECOMMENDATION

In summary, IT IS HEREBY RECOMMENDED that:

1. For the reasons set forth herein, Defendant's Motions to Dismiss (ECF 9) be GRANTED IN PART AND DENIED IN PART without prejudice.

2. Plaintiff be GRANTED leave to file an amended complaint that complies with this Order within 30 days of the District Judge's adoption of this Recommendation. Plaintiff's failure to timely file an amended complaint may result in dismissal of this action.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 4 December 2020.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah