**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ROHWEDDER,<br><br>                Plaintiff,<br><br>v.<br><br>ROCKY MOUNTAIN PIES et al.,<br><br>                Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:20-cv-00034-JNP-CMR<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Cecilia M. Romero |

Before the court is Defendant Rocky Mountain Pies LLC's (Defendant Rocky Mountain) Motion to Dismiss (Motion to Dismiss) (ECF 27) referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(B) (ECF 18).  Pursuant to rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah (Local Rule), the court has concluded that oral argument is not necessary.  *See* DUCivR 7-1(f).  Having carefully considered the relevant filings, the undersigned RECOMMENDS the Motion to Dismiss be GRANTED and the case be dismissed with prejudice.

## I.      BACKGROUND

On January 21, 2020, Plaintiff Billy L. Rohwedder (Plaintiff), proceeding *pro se*, filed his initial complaint against Defendants Rocky Mountain Pies LLC and Talent Team Staffing (ECF 3).  In response, Defendant filed a motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction (ECF 9).  The court subsequently issued a Report and Recommendation granting in part and denying in part Defendant's motion to dismiss and granted Plaintiff leave to file an amended complaint that complied with the court's order (December Order) (ECF 14).  Thereafter, on December 17, 2020, Plaintiff filed an Amended Complaint (ECF 16).  Judge Parrish adopted the December Order and because Plaintiff prematurely filed his

Amended Complaint prior to Judge Parrish's adoption of the December Order, the Plaintiff's Amended Complaint filed on December 17 (ECF 16) was deemed the operative pleading (ECF 23).

In the December Order, the court found that Plaintiff failed to plead diversity jurisdiction, but liberally construed Plaintiff's claims under Title VII and found Plaintiff met his burden in establishing federal question jurisdiction (ECF 14).  In undertaking its Rule 12(b)(6) analysis, the court determined Plaintiff had no third-party standing to bring claims on behalf of Hispanic employees and that Plaintiff had failed to state a claim for relief as to his own claims (ECF 14). Specifically, the court noted "Plaintiff's Complaint does not contain factual detail regarding what discrimination took place and if it was against Plaintiff and/or others […] Plaintiff does not allege sufficient facts in the Complaint to support that he was 'terminated through discrimination by pre-text.'" (ECF 14 at 8).  The court also noted that "Plaintiff's only allegations regarding his termination are that '[t]he 'termination' was after ... Plaintiff spoke to 'Monica' from Talent Team and a Rocky Mountain Pies manager,' and that 'Plaintiff went back to his position after the brief meeting in a closed office with the above.'" (*Id*.).  The court indicated that Plaintiff had failed to "allege anything about the substance of any communications made by him at the meeting, or why he contends his termination involved 'discrimination by pre-text.'" (*Id*.)  With this guidance, the court granted Plaintiff leave to file an amended complaint that complied with the December Order which Plaintiff subsequently filed (ECF 16).

Plaintiff's Amended Complaint only specifically names "Rocky Mountain Pies et al" as Defendant and does not contain any allegations against Talent Team or any other defendant (ECF 16).  The Amended Complaint specifically refers to Section 1983 of the Civil Rights Act

and the Fourteenth Amendment Equal Protection Clause but does not mention Title VII by name

or address any of the other defects the court outlined in the December Order (ECF 16).

On January 26, 2021, Defendant filed the pending Motion to Dismiss (ECF 27).  Plaintiff

submitted an Opposition to Motion to Dismiss (ECF 30) and Defendant submitted a Request to

Submit for Decision (ECF 32).[1]

## II.     DISCUSSION

Defendant seeks dismissal with prejudice pursuant to Federal Rule of Civil Procedure

12(b)(6) for failure to state a claim (ECF 27).  To survive a motion to dismiss under Rule

12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A pleading that contains "naked

assertion[s]" devoid of "further factual enhancement" is insufficient to meet the plausibility

standard.  *Id.* at 555–57.  Accordingly, for Plaintiff "to state a claim in federal court, [his]

complaint must explain what [the] defendant did to him ... when the defendant did it; how the

defendant's actions harmed him ... and, what specific legal right [he] believes the defendant

violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see*

*also White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (although "[w]e liberally construe

plaintiff's pro se pleadings ... [t]his liberal construction ... will not relieve plaintiff of his burden

of presenting sufficient facts to state a legally cognizable claim") (citation omitted)).

In undertaking its analysis, the court is mindful that Plaintiff is acting pro se and that "[a]

pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than

formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991);

---

[1] Defendant also filed a Motion for Summary Judgment which seeks to dismiss any Title VII claim alleging Plaintiff failed to timely exhaust his administrative remedies (ECF 28).  Given this ruling the court did not find it necessary to address the Motion for Summary Judgment.

*see also, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).  At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."  *Hall*, 935 F.2d at 1110.

The above standard was addressed in the December Order along with analysis of the pleading deficiencies (ECF 14).  Notwithstanding, even construing Plaintiff's pro se pleading under a liberal standard, the Amended Complaint fails to state a claim for the same reasons previously discussed in the court's December Order (ECF 14).  Plaintiff's Amended Complaint again fails to allege concrete facts as opposed to generalizations.  Plaintiff alleges he was employed by Defendant in 2015, terminated "under malicious pretext," and treated differently from similarly situated employees (ECF 16 at 4).  However, he alleges no facts to support these broad generalizations and says nothing about any communications he made to a supervisor regarding discriminatory conduct or why he contends his termination involved "illegal pre-textual termination" (ECF 16 at 13).  In the Amended Complaint, Plaintiff makes only cursory allegations that "Plaintiff would (possibly did) complain" (ECF 16 at 11).  Furthermore, the Amended Complaint does not contain factual detail regarding what discrimination took place.[2]

In his Response to Motion to Dismiss, Plaintiff argues that "Plaintiff is a protected class;" that the "Fourteenth Amendment includes [a right to] Equal/ Uniform Protection of the Law," and that "plaintiff is not Mexican in a Mexican dominated workplace" (ECF 30 at 2, 10).  However, Plaintiff does not assert any specific allegations against the Defendant regarding the prima facie elements of a Title VII employment discrimination claim or specific facts giving rise to a claim for violation of the Fourteenth Amendment.  Plaintiff's Amended Complaint contains

---

[2] The Amended Complaint also fails to address if Plaintiff exhausted his administrative remedies by filing a charge of discrimination with the EEOC within 300 days of the allegedly unlawful employment practice.  *Castalado v. Denver Pub. Sch.*, 276 F. App'x 839, 841 (10th Cir. 2008) (unpublished).

only threadbare recitals of some of the elements of a cause of action under Title VII, does not assert specific facts to address if the matter was timely filed, how Defendant's actions harmed him, and did not cure any of the deficiencies outlined in the court's December Order.  Plaintiff's Amended Complaint cannot state a claim for which relief can be granted and should therefore be dismissed.

"Dismissal under 12(b)(6) is generally with prejudice where amending would be futile." *Swallow v. South Jordan City*, No. 2:14-cv-00881-DN, 2017 WL 2656115, at *8 (D. Utah June 20, 2017) (citing *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006)).  The Tenth Circuit has upheld dismissals with prejudice for failure to cure pleading deficiencies on the grounds of futility of amendment.  *See Fuentes v. Chavez*, 314 F. App'x 143, 145 (10th Cir. 2009) (concluding that "another opportunity to amend would be futile" where the district court told the plaintiff "plainly to add more facts," yet he failed to do so); *Ngatuvai v. Breckenridge*, 446 F. App'x 129, 130 (10th Cir. 2011) (concluding that "dismissal with prejudice was appropriate because [the plaintiff] had been afforded ample opportunity to cure the deficiencies in his . . . complaint").  "There is a limit to how many bites even a pro se plaintiff can have at the apple." *Fuentes*, 314 F. App'x at 145.  As explained above, Plaintiff has met that limit in this case.  Accordingly, the undersigned RECOMMENDS that the Amended Complaint (ECF 16) be dismissed with prejudice.

## RECOMMENDATION

For the reasons stated herein, the undersigned recommends the Motion to Dismiss (ECF 13) be GRANTED and the case be dismissed with prejudice.  Considering this ruling, the court also recommends the Motion for Summary Judgment (ECF 28) be DENIED without prejudice as moot.

**NOTICE**

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 7 July 2021.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah