IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BILLY L. ROHWEDDER,<br><br>    Plaintiff,<br><br>v.<br><br>ROCKY MOUNTAIN PIES *et al.*,<br><br>    Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:20-cv-00034-JNP-CMR<br><br>District Judge Jill N. Parrish |

Before the court is Plaintiff Billy L. Rohwedder's ("Mr. Rohwedder") objection to Magistrate Judge Cecilia M. Romero's Report and Recommendation (ECF No. 36) that Defendant Rocky Mountain Pies LLC's ("Rocky Mountain") Motion to Dismiss be granted with prejudice and Motion for Summary Judgment be denied without prejudice as moot. ECF No. 37. For the following reasons, the court overrules Mr. Rohwedder's objection and adopts in full Judge Romero's Report and Recommendation.

**BACKGROUND**

Mr. Rohwedder, proceeding pro se, filed his initial complaint against Defendants Rocky Mountain and Talent Team Staffing on January 21, 2020. ECF No. 3. Rocky Mountain filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on April 23, 2020. ECF No. 9. On December 7, 2020, Judge Romero issued a Report and Recommendation (the "December Report and Recommendation") that the motion to dismiss be granted in part and denied in part without prejudice, and that Mr. Rohwedder be granted leave to file an amended complaint that complied with the December Report and Recommendation. ECF No. 14. Judge Romero

notified Mr. Rohwedder that a failure to file a timely objection to the December Report and Recommendation could waive any objections to it. Mr. Rohwedder did not file an objection within the allotted time but did file an Amended Complaint on December 17, 2020 (ECF No. 16), before this court adopted the December Report and Recommendation. This court adopted Judge Romero's December Report and Recommendation in full on January 5, 2021 and deemed Mr. Rohwedder's prematurely-filed Amended Complaint the operative complaint. ECF No. 23. Mr. Rohwedder names "Rocky Mountain Pies et al." as a Defendant in his Amended Complaint but does not assert any allegations against Talent Team Staffing or any other defendant. ECF No. 16.

On January 26, 2021, Rocky Mountain filed a second Motion to Dismiss under Rule 12(b)(6), seeking dismissal of the Amended Complaint with prejudice and arguing that the Amended Complaint failed to cure the deficiencies identified by the December Report and Recommendation. ECF No. 27. Rocky Mountain also concurrently filed a Motion for Summary Judgement under Rule 56(a), arguing that it is entitled to summary judgment as a matter of law because Mr. Rohwedder's Title VII claim is procedurally barred for his failure to exhaust his administrative remedies. ECF No. 28.

On July 7, 2021, Judge Romero issued a second Report and Recommendation (the "July Report and Recommendation") that the Motion to Dismiss be granted because the Amended Complaint fails to state a claim for the same reasons discussed in the court's December Report and Recommendation. ECF No. 36. Specifically, Judge Romero found that the Amended Complaint "does not assert any specific allegations against [Rocky Mountain] regarding the prima facie elements of a Title VII employment discrimination claim or specific facts giving rise to a claim for violation of the Fourteenth Amendment." *Id.* at 4. Further, Judge Romero concluded that the Amended Complaint "contains only threadbare recitals of some of the elements of a cause of action

2

under Title VII, does not assert specific facts to address if the matter was timely filed, how [Rocky Mountain's] actions harmed him, and did not cure any of the deficiencies outlined in the court's December [Report and Recommendation]." *Id.* at 4–5. Judge Romero recommended that the Amended Complaint be dismissed with prejudice and that the Motion for Summary Judgement be denied without prejudice as moot. Judge Romero notified Mr. Rohwedder that a failure to file a timely objection to the July Report and Recommendation could waive any objections to it. On July 15, 2021, Mr. Rohwedder timely objected to the July Report and Recommendation. ECF No. 37.

## ANALYSIS

Under Federal Rule of Civil Procedure 72(b), "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). Upon the filing of such timely objections, the court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and in doing so may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* 72(b)(3). In liberally construing Mr. Rohwedder's timely objection to the July Report and Recommendation, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the court has identified two principal objections. First, Mr. Rohwedder argues that exhaustion of administrative remedies is not a jurisdictional requirement and therefore does not bar his claim for wrongful termination. Second, Mr. Rohwedder argues that he has adequately pleaded claims under Title VII and the Fourteenth Amendment based on his alleged wrongful termination. The court considers each argument in turn under a de novo standard of review.

I.  **Failure to Exhaust Administrative Remedies**

Mr. Rohwedder argues that exhaustion of administrative remedies "is not jurisdictional," and thus a failure to exhaust administrative remedies "does not bar courts from hearing such

claims." ECF No. 37 at 11–12. While Mr. Rohwedder is correct that a failure to exhaust administrative remedies is no longer a jurisdictional requirement, such a failure "permits the employer to raise an affirmative defense of failure to exhaust." *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018). This affirmative defense is "accordingly subject to the same waiver and estoppel principles that govern other affirmative defenses." *Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020) (citing *Lincoln*, 900 F.3d at 1186 n.11). "[T]he court must enforce this exhaustion requirement if the employer properly raises it." *Id.* (citation omitted). Here, Rocky Mountain properly raised this failure to exhaust affirmative defense in its Motion for Summary Judgment. ECF No. 28. Mr. Rohwedder provided no argument for waiver or estoppel in response. Thus, a failure to exhaust is a proper basis upon which to dismiss Mr. Rohwedder's Amended Complaint.

Moreover, the court notes that Judge Romero only mentioned Mr. Rohwedder's failure to exhaust his administrative remedies in two footnotes in the July Report and Recommendation. First, Judge Romero acknowledged that a failure to exhaust administrative remedies is the basis for Rocky Mountain's Motion for Summary Judgment but stated that the court "did not find it necessary to address the Motion for Summary Judgment," given the court's ruling on the Motion to Dismiss the Amended Complaint, and ultimately denied the Motion for Summary Judgment without prejudice as moot. ECF No. 36 at 3 n.1, 5. Second, Judge Romero stated in another footnote that the "Amended Complaint also fails to address if [Mr. Rohwedder] exhausted his administrative remedies by filing a charge of discrimination with the EEOC within 300 days of the allegedly unlawful employment practice." *Id.* at 4 n.2. Because Judge Romero did not address Rocky Mountain's Motion for Summary Judgment, finding Mr. Rohwedder's failure to state a claim under Rule 12(b)(6) a sufficient basis upon which to dismiss the Amended Complaint, and

4

because Judge Romero only mentions Mr. Rohwedder's failure to exhaust his administrative remedies in two footnotes, Mr. Rohwedder's failure to exhaust is not the basis upon which Judge Romero issued the July Report and Recommendation. Thus, even if Mr. Rohwedder could prevail on his argument that the exhaustion requirement is not jurisdictional, it would not change Judge Romero's conclusion that Mr. Rohwedder failed to state a claim under Rule 12(b)(6).

In short, Mr. Rohwedder's argument that the exhaustion requirement is not jurisdictional is unavailing. The exhaustion requirement can be and was properly raised as an affirmative defense, and Mr. Rohwedder did not establish that waiver or estoppel applies. Additionally, the exhaustion requirement was not the basis of Judge Romero's July Report and Recommendation and thus does not change the conclusion that Mr. Rohwedder failed to state a claim under Rule 12(b)(6).

## II.     Adequacy of Claims Pleaded Under Title VII and the Fourteenth Amendment

Mr. Rohwedder also appears to object to the July Report and Recommendation on the basis that he has sufficiently stated Title VII and Fourteenth Amendment claims. The court disagrees. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Rohwedder's Amended Complaint contains broad assertions of the legal bases for his Title VII and Fourteenth Amendment claims and generalized allegations but fails to allege specific facts giving rise to these claims. *See* ECF No. 16. He asserts that he was "terminated

by pretext wrongfully in a discriminatory manner" and "treated differently" from "similarly situated" employees (*id.* at 12–13, 4) but does not make any fact-specific allegations supporting his broad assertion of discrimination. Indeed, the Amended Complaint is devoid of specific facts giving rise to claims under Title VII or the Fourteenth Amendment against Rocky Mountain. Mr. Rohwedder's response to the Motion to Dismiss and objection to the July Report and Recommendation are plagued by the same deficiencies as his initial complaint and Amended Complaint—though he appears to state at least part of the legal bases for his claims under Title VII and the Fourteenth Amendment, he fails to put forth specific factual allegations related to his claims. *See* ECF Nos. 30, 37. Even liberally construing Mr. Rohwedder's Amended Complaint, these generalized, threadbare allegations are insufficient to survive a motion to dismiss.

Thus, the Amended Complaint fails to state a claim for which relief can be granted, warranting dismissal under Rule 12(b)(6). The court agrees with Judge Romero that the dismissal should be with prejudice. Mr. Rohwedder has previously been given an opportunity to cure these very deficiencies, but he has failed to do so, rendering amendment for a second time futile.

## CONCLUSION AND ORDER

Based upon the foregoing, the court ORDERS as follows:

1. The Report and Recommendation (ECF No. 36) is ADOPTED IN FULL.
2. The Motion to Dismiss (ECF No. 27) is GRANTED, and the case is dismissed with prejudice. The Motion for Summary Judgement (ECF No. 28) is DENIED without prejudice as moot.

DATED July 29, 2021

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge